# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs May 16, 2012 at Knoxville

## STATE OF TENNESSEE v. ROY DALE HARRELL

**Appeal from the Circuit Court for Franklin County**
**No. 19171     J. Curtis Smith, Judge**

---

**No. M2011-02268-CCA-R3-CD - Filed June 26, 2012**

---

The defendant, Roy Dale Harrell, pled guilty in the Franklin County Circuit Court to one count of statutory rape, a Class E felony. After a sentencing hearing, he was sentenced to two years split confinement, to serve eleven months and twenty-nine days in jail and the remainder on probation. On appeal, he challenges the trial court's imposition of a sentence of split confinement that required service of eleven months and twenty-nine days. After review, we affirm the trial court's imposition of a split confinement sentence. However, we modify the judgment of the trial court to the extent it imposed an eleven-month-and-twenty-nine-day period of incarceration and remand for entry of an amended judgment showing the defendant's period of incarceration at 7.2 months.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Roy Dale Harrell.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; J. Michael Taylor, District Attorney General; and William B. Copeland, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The defendant was indicted on four counts of rape, one count of aggravated sexual battery, three counts of sexual battery, and one count of rape of a child, as a result of his

sexual encounters with his thirteen-year-old cousin, "L.A.,"[1] who lived in the defendant's and his parents' home. He pled guilty to a reduced charge of statutory rape, and the other charges were dismissed. The following facts were recounted in the trial court's sentencing memorandum:

> The pre-sentence report and the plea proceeding establish the nature of [the] defendant's criminal conduct. The victim, [L.A.], was 13 years old on December 8, 2009, when she revealed [the defendant] had sexually abused her multiple times. [L.A.] and her sister [B.S.] had been living with her aunt and uncle, Karen and Dale Harrell, who are [the defendant]'s parents. He resided with his parents in the same home where the two sisters lived.

> [The defendant] entered the victim's room late at night multiple times and digitally penetrated her. During some of the incidents [the] [d]efendant forced [L.A.] to touch his penis. [L.A.]'s older sister testified she had a similar experience while she resided in the Harrell home and left the home one month after her 18th birthday. She told Karen and Dale Harrell their son was sexually abusing her hoping her younger sister would not also be abused. After the victim told her older sister about the on-going abuse they both told Karen and Dale Harrell. The Harrells confronted their son who denied the allegations. The abuse last happened a few days prior to the meeting with investigators. The proof is unclear whether any abuse occurred after [the defendant] was confronted by his parents.

> At the time of the sentencing hearing on July 12, 2011, the victim was 15 years old. The last abuse had occurred in November or early December of 2009. [L.A.] still relives the abuse and is afraid to go to bed alone. She is afraid to trust others.

> [The] [d]efendant is 22 years old, unmarried, and was 20 years old in late 2009 when [L.A.] reported the abuse. He has a reasonably good job history and has worked for Deutsch Industries since January 26, 2011. [The] [d]efendant presented no proof at the sentencing hearing but exercised his right of alloc[u]tion.

L.A. and her older sister, B.S., both testified at the sentencing hearing. L.A. explained how she came to live with the defendant's parents and how the abuse affected her. B.S. testified that her sister confided in her about what the defendant had been doing to her

---

[1] It is the policy of this court to refer to minor victims of sexual assault by their initials only.

and said that the defendant had previously molested her as well. B.S. also testified concerning how the abuse affected her. The defendant made a brief statement of allocution in which he said that he "wanted to apologize [for] everything that happened" and said that he had a "good job" and that "everything's going good."

After the conclusion of the hearing, the trial court sentenced the defendant to two years of split confinement with eleven months and twenty-nine days in the Franklin County Jail and the remainder on state probation.

## ANALYSIS

On appeal, the defendant challenges the trial court's imposition of a sentence of split confinement that required eleven months and twenty-nine days incarceration because it resulted in a longer sentence than if he had been given a determinate sentence of two years. The defendant seemingly also suggests that the trial court should have considered other sentencing alternatives.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses; (h) any statements made by the accused in his own behalf; and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Another appropriate factor for a trial court to consider in determining whether to grant probation is a defendant's credibility or lack thereof, as this reflects on the defendant's potential for rehabilitation. Id. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently

-4-

been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).  Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate.  Id. § 40-35-103(5).

In addressing the length of the defendant's sentence, the trial court found that a two-year sentence was appropriate because the defendant had a previous history of criminal behavior in that he committed numerous sexual offenses against the victim and her sister which were not included under the charge to which he pled guilty, see Tenn. Code Ann. § 40-35-114(1), and that the offense was committed to gratify the defendant's desire for pleasure or excitement.  See id. § 40-35-114(7).  In determining the manner of service of the defendant's sentence, the trial court considered all of the factors listed in Tennessee Code Annotated section 40-35-103 as well as the factors relevant to a probation determination.

The trial court then reached a determination that split confinement was appropriate in this case, stating:

> Most of the factors enumerated in [State v.] Blackhurst [, 70 S.W.3d 88, 97 (Tenn. Crim. App. 2001)] [regarding a probation determination] are neutral in the alternative sentencing analysis.  [The] [d]efendant's work history is slightly favorable to him.  He had no family responsibility which would favor full probation. [The] [d]efendant gave no testimony but chose to make a statement to the court.  The court found [the] [d]efendant's demeanor indifferent as to the abuse of a very young female and did not find him to be genuinely remorseful for his actions.  His poor attitude and the fact he abused the victim over an extended period of time causes the court to conclude it is in the public's best interest that he be incarcerated for a period of time.
>
> The court finds an appropriate sentence for his conviction is an alternative sentencing of "split confinement" under T.C.A. § 40-35-306 which is one of the alternative sentencing options offered in T.C.A. § 40-35-104.  Defendant shall serve 11 months and 29 days of his two year sentence in the Franklin County Jail and the remainder on state probation.  He shall perform 100 hours of public service as a condition of probation.

The record shows that the trial court addressed the relevant considerations in determining the manner of service of sentence, and we cannot conclude that the imposition of split confinement was in error.  However, as conceded by the State, the trial court did err in its imposition of an eleven-month-and-twenty-nine-day period of incarceration.

Tennessee Code Annotated section 40-35-501(a)(3) provides, "Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." Under this statute and the holding in State v. John W. Hill, No. 01C01-9802-CC-00072, 1999 WL 92948, at *1 (Tenn. Crim. App. Feb. 25, 1999), the period of time ordered to be served in split confinement cannot exceed the defendant's release eligibility date. See also State v. Gary M. Carter, No. M2006-02341-CCA-R3-CD, 2008 WL 544629, at *4 (Tenn. Crim. App. Feb. 21, 2008); State v. David Wayne Fountain, No. E2004-01226-CCA-R3-CD, 2005 WL 1528244, at *4 (Tenn. Crim. App. June 28, 2005); State v. Henry Marshall, Jr., No. W1999-01159-CCA-R3-CD, 2001 WL 91950, at *6 (Tenn. Crim. App. Jan. 26, 2001). For a Range I offender, the release eligibility date is 30% of the sentence imposed, minus any earned and retained sentence credits. Tenn. Code Ann. § 40-35-501(c). Accordingly, by our calculations, the release eligibility date on a two-year sentence would be after service of 7.2 months. Thus, the period of incarceration imposed by the trial court would restrain the defendant's liberty longer than permitted by law. Therefore, we modify the judgment of the trial court to the extent the defendant was ordered to serve eleven months and twenty-nine days in jail and remand this matter to the trial court to enter an amended judgment setting the defendant's period of confinement at 7.2 months. In all other respects, the judgment of the trial court is affirmed.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the trial court's imposition of a split confinement sentence. However, we modify the judgment of the trial court to the extent it imposed an eleven-month-and-twenty-nine-day period of incarceration and remand for entry of an amended judgment showing the defendant's period of incarceration at 7.2 months.

_____
ALAN E. GLENN, JUDGE